# IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT JACKSON

| | | |
|---|---|---|
| **SARA J. And JERRY H. MALONE,** | ) | From the Madison County Circuit Court |
| | ) | at Jackson, Tennessee |
| Plaintiffs/Appellees, | ) | |
| | ) | The Hon. Franklin Murchison, Judge |
| **vs.** | ) | |
| | ) | Trial Court No. C95-305 |
| | ) | Appeal No. 02A01-9704-CV-00091 |
| | ) | |
| **FIRST CAPITAL HOME** | ) | |
| **IMPROVEMENTS,** | ) | **AFFIRMED** |
| | ) | |
| Defendant/Appellant. | ) | |
| | ) | **Ted M. Hunderup** |
| | ) | Humboldt, Tennessee |
| | ) | Attorney for Appellant |
| | ) | |
| | ) | **J. B. Glassman** |
| | ) | Jackson, Tennessee |
| | ) | Attorney for Appellees |

---

## MEMORANDUM OPINION

---

*HIGHERS, J.*

Defendant First Capital Home Improvements appeals the trial court's judgment entered in favor of Plaintiffs/Appellees Sara J. Malone and Jerry H. Malone in this breach of contract action. We affirm.

In September 1992, the Malones contracted with First Capital to make various improvements and repairs to the Malones' house, the most important of which was a new roof. The first time it rained after First Capital's completion of the work, the Malones' new roof leaked. Over a period of months, the Malones contacted First Capital and expressed their dissatisfaction with the roof and with other repairs that First Capital had made to the Malones' house. In February 1993, First Capital sent Jim Bowers to the Malones' house to fix their roof. Bowers' efforts to repair the roof were unsuccessful, however, as were his later efforts in April or May 1993. The Malones subsequently filed this breach of contract action against First Capital in September 1995.

After the Malones filed this action, the parties made one last effort to resolve their dispute. First Capital sent another contractor, Ian Lopez, to the Malones' house to repair the roof and to repair other problems of which the Malones had complained. When Lopez and his crew completed their work, Lopez asked Jerry Malone to sign a completion form signifying his satisfaction with the work, but Malone refused. Accordingly, the parties proceeded to trial on the Malones' breach of contract claim.

At trial, Lopez testified that Jerry Malone had interfered with First Capital's efforts to make repairs to the house and had made performance of the contract impossible. Lopez testified that Malone exhibited erratic behavior, at times cursing the work crew and ordering them off the property. According to Lopez, Malone would appear cooperative and satisfied with Lopez's work one day, but then the following day he would change his mind as to how he wanted the work performed.

Both of the Malones testified at trial concerning First Capital's failure to satisfactorily complete the work on their house. Jerry Malone specifically denied engaging in any behavior which had obstructed Lopez's efforts to make repairs to the house. In spite of First Capital's efforts, at the time of trial, the Malones' roof still leaked. In fact, the roof leaked even worse than it did before First Capital's installation of the roof. The leaking roof had caused damage to the Malones' walls, ceilings, carpets, and furniture.

At the trial's conclusion, the trial court entered a judgment awarding the Malones the sum of $12,882. The trial court found that First Capital "failed to satisfactorily perform under the contract" and that the Malones "were not guilty of contributing fault." On appeal, First Capital raises the sole issue of whether the trial court erred in failing to find that the Malones breached the contract by making First Capital's performance impossible.

We conclude that this issue is without merit and, thus, affirm the trial court's judgment.[1] Inasmuch as this case was tried by the trial court sitting without a jury, this

---

[1] In affirming the trial court's judgment, we reject the Malones' argument that the trial court should have awarded them an additional $5,456.69 in damages.

2

court's review on appeal is de novo upon the record, accompanied by a presumption that the trial court's findings of fact are correct. Roberts v. Robertson County Bd. of Educ., 692 S.W.2d 863, 865 (Tenn. App. 1985); Haverlah v. Memphis Aviation, Inc., 674 S.W.2d 297, 300 (Tenn. App. 1984); T.R.A.P. 13(d). Under this standard of review, we must affirm the trial court's decision unless the trial court committed an error of law affecting the result or unless the evidence preponderates against the trial court's findings. Roberts, 692 S.W.2d at 865. Applying the foregoing standard, we hold that the evidence does not preponderate against the trial court's findings that First Capital breached the subject contract and that the Malones did not contribute to this breach. The evidence showed that the Malones' new roof leaked the first time it rained after First Capital's completion of the work. At the time of the trial over two years later, the Malones' roof still leaked despite First Capital's numerous attempts to repair it.

In affirming the trial court's judgment, we recognize that the evidence was disputed as to whether Jerry Malone interfered with Ian Lopez's efforts to repair the Malones' house. We note, however, that when a conflict in testimony requires the trial court to make a determination regarding the credibility of a witness or witnesses, such a determination is "binding on the appellate court unless from other real evidence the appellate court is compelled to conclude to the contrary." Hudson v. Capps, 651 S.W.2d 243, 246 (Tenn. App. 1983). After carefully reviewing the evidence presented below, we are not compelled to reach a different result. Moreover, we note that First Capital's earlier efforts to repair the house also were unsuccessful, and there were no allegations that Jerry Malone was in any way responsible for the failure of these earlier efforts.

The judgment of the trial court is hereby affirmed. Costs of this appeal are taxed to First Capital, for which execution may issue if necessary.

 

                                          _____
                                          HIGHERS, J.

CONCUR:

_____
CRAWFORD, P.J., W.S.


_____
LANIER, Sp. J.


CRAWFORD, P.J., W.S.